UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: ALEX S. JOE                              CASE NO. 05-53655
         Debtor

                                                CHAPTER 7

KATHY WILLIAMS
         Plaintiff
v.                                              ADV. PROC. NO. 05-05173

ALEX S. JOE
         Defendant

## OPINION

The matter before the court is the complaint objecting to discharge filed by Kathy Williams against Alex S. Joe, the debtor in the above styled proceeding. Having considered the pleadings and briefs submitted by the parties, and having heard the evidence presented at the trial on the matter, the court concludes that the relief requested should be granted and the debt should be determined to be nondischargeable pursuant to 11 U.S.C. § 523(a)(15).

### I. FACTUAL BACKGROUND

1. A petition for relief under Chapter 7 of Title 11 of the United States Code was filed by Alex S. Joe in the United States Bankruptcy Court for the Southern District of Mississippi on August 16, 2005.

2. A complaint objecting to discharge of a priority debt was filed by Kathy Williams

against Alex S. Joe, the debtor herein, on November 17, 2005.[1] The complaint alleges that Williams is owed certain obligations awarded in a judgment of divorce that are nondischargeable. The judgment was entered December 5, 2003. On April 26, 2005, the Chancery Court entered Findings of Fact and Conclusions of Law on a motion for contempt filed by Williams. The court entered judgment in the amount of $9,487.81 through the date of hearing on March 24, 2005, against Joe in favor of Williams, representing $3,995.00 due for Joe's portion of mortgage payments, $2,569.84 for a cell phone bill, and $2,922.97 due on a Nissan automobile. The court concluded that the original judgment of divorce was a property settlement agreement and not periodic alimony. A motion to reconsider or set aside the judgment was subsequently filed by Joe in the Chancery Court. That matter is pending in the Chancery Court.

3. The adversary complaint was set for trial, briefs were submitted by the parties, and the matter was heard by this court on September 5, 2006.

## II. CONCLUSIONS OF LAW

This court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. § 1334 and §157. The matter before the court is a core proceeding pursuant to 28 U.S.C. § 157.

Section 523(a)(15) of the Bankruptcy Code, prior to amendments that are not applicable to this proceeding, provided the following:

11 USC § 523. Exceptions to discharge.

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt - -

---

[1] The complaint also contained a request for relief from the automatic stay under 11 U.S.C. § 362(a). That portion of the requested relief is now moot. Williams filed a motion for relief from automatic stay in the debtor's main bankruptcy proceeding, and the motion was subsequently dismissed on April 6, 2006.

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit; unless
    (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
    (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor;
. . .

11 U.S.C. § 523 (a)(15).[2]

Having considered the evidentiary presentation and having reviewed the expenses and income available to both Joe and to Williams and the current spouses of each party, the court must conclude that Joe has been unable to sustain his burden of proof in establishing one of the two exceptions to § 523(a)(15) listed in the statute above that would enable him to discharge the obligations owed to Williams. The court concludes, therefore, that the obligations owed by Alex S. Joe to Kathy Williams as stated in the judgment of divorce, property settlement, and subsequent findings of fact and conclusions of law, are nondischargeable pursuant to § 523(a)(15). The court further concludes, that the amount of debt that is rendered nondischargeable herein, is subject to any subsequent modification that may be ordered by the Chancery Court.

An order will be entered consistent with these findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58. This

---

[2] The complaint does not cite this section as a cause for relief. Language from this section is recited in the brief filed in support of the complaint, however. Additionally, counsel for Williams moved ore tenus at trial to amend the complaint to cite the correct statute.

opinion shall constitute findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.

**DATED** this the 12th day of September, 2006.

*Edward R. Gaines*
EDWARD R. GAINES
UNITED STATES BANKRUPTCY JUDGE

**ATTORNEY FOR KATHY WILLIAMS**
Michael L. Fondren
520 Live Oak Avenue
Pascagoula, MS 39567

**PRO SE DEBTOR ALEX S. JOE**